**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO.

CHRISTY RIVERA,
on behalf of herself and all others
similarly situated

    Plaintiff,

vs.

GOLDMAN FINANCIAL,

    Defendant.
_____/

**CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

    Plaintiff, CHRISTY RIVERA (hereinafter "Plaintiff"), brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendant, GOLDMAN FINANCIAL ("GOLDMAN" and/or "Defendant"), for its violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 (hereinafter "the TCPA"), and the regulations promulgated thereunder. In support, Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in negligently or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), thereby invading Plaintiff's privacy.

2. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

3. This action arises out of Defendant's practice of making telemarketing calls to individuals on the National Do-Not-Call Registry ("DNC Registry") without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

4. Upon information and belief, Defendant has placed thousands of these nonconsensual calls to members of the DNC registry.

5. Plaintiff and each Class Member received unwanted calls from Defendant without proper regard to the TCPA, the Do-Not-Call Rules, and in disregard for individual privacy.

6. Plaintiff and Class Members' phone numbers were registered with the National Do-Not-Call Registry.

7. This lawsuit challenges all calls that were placed by Defendant to Plaintiff and Class Members from approximately October 2019, through the date of preliminary approval of class certification

8. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of calls to cell phone numbers on the DNC registry and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(d).

---

[1] *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

9. The TCPA provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c).

10. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.

## JURISDICTION AND VENUE

11. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

12. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District, including Defendant's transmission of the unlawful calls to Plaintiff which emanated from this District.

13. Plaintiff resides in Broward County, Florida, where the subject calls were received, within the jurisdiction of this Honorable Court.

14. The Court has personal jurisdiction over Defendant because it conducts business in this state, markets its services within this state, and has availed itself to the jurisdiction of this state by placing calls to Plaintiff and Class Members from this state.

## PARTIES

15. Plaintiff's domicile is in Broward County, Florida.

16. Defendant, GOLDMAN is a New York Company with its corporate office located at 40 Wall Street, 28th Floor, New York, NY 10005.

17. GOLDMAN is a financial service business who sells business funding. GOLDMAN promotes and markets its business throughout the country, including during the relevant time period, by placing unsolicited phone calls to wireless telephone users in violation of the TPCA.

18. Defendant, directly, individually, jointly, and/or in concert with another, or through other persons, entities or agents acting on their behalf, conspired to, agreed to, contributed to, authorized, assisted with, ratified, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited calls that are the subject matter of this Complaint.

## FACTUAL ALLEGATIONS

19. This action arises out of Defendant's practice of making telemarketing calls to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

20. Plaintiff's number ending in 7514 has been on the National Do-Not-Call Registry since on or about December 10, 2004, and at all times relevant to this action.

21. The TCPA provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c).

22. At all times relevant, Plaintiff, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

23. Defendant is authorized to engage in business in the State of Florida, and at all times mentioned herein was a corporation and "person," as defined by 47 U.S.C. § 153(39).

24. At all times relevant Defendant conducted business in the State of Florida, within this judicial district.

25. GOLDMAN places unsolicited phone calls to members of the DNC Registry promoting its business, including at least 4 unconsented calls and 3 text messages to Plaintiff on August 14, 2023, and additional calls on August 31, 2023, and September 21, 2023.

26. On each of these calls, an agent of GOLDMAN would call Plaintiff asking her if she is looking for funding.

27. Whenever Plaintiff actually spoke with GOLDMAN, she would tell them she is not interested in business funding and asked them to stop calling her.

28. Plaintiff did not want to receive these calls and told Defendant to not call her, but Defendant nevertheless continued to place these calls to Plaintiff.

29. Plaintiff's full telephone number will be provided to counsel for Defendant in discovery. It is not being provided in this Complaint, a public document, to prevent further unwanted and unauthorized calls to Plaintiff and further intrusion into her phone.

30. The purpose of Defendant's phone calls was to market, advertise, and promote Defendant's business.

31. Defendant's phone calls constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., advertising discounts and promotions for the purchase of Defendant's services.

32. Defendant's phone calls were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

33. Plaintiff uses, and at all times relevant to this action used, her cellular telephone as her personal residential telephone number.

34. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC Registry are presumed to be residential. In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, 14039 (2003).

35. Defendant's telemarketing phone calls were not for emergency purposes as defined by or collection of a debt pursuant to 47 U.S.C. § 227(b)(1).

36. Plaintiff did not provide Defendant prior express written consent to receive telemarketing phone calls her personal cellular telephone.

37. Defendant was or should have been aware that it was unlawfully placing telemarketing phone calls to Plaintiff and other consumers without prior express consent or prior express written consent to telephone numbers on the DNC Registry.

38. Plaintiff was damaged by Defendant's unsolicited telemarketing phone calls. In addition to using Plaintiff's cellular data, battery life, and phone storage, her privacy was wrongfully invaded, causing intrusion upon her seclusion, intrusion and trespass upon her personal property, harassment, annoyance, aggravation, frustration, distraction, inconvenience, time spent investigating, and risk of future harm. Plaintiff has become aggravated having to deal with repeated, unwanted telemarketing messages forcing her to divert attention away from personal and family activities. Plaintiff was forced to spend time investigating the source of the phone calls and invest time researching and hiring counsel.

39. Plaintiff and Class Members have had to spend wasted time away from work, family, and personal activities, and suffered aggravation, because of the unwanted calls.

40. For example, Plaintiff received some of the unsolicited phone calls while she was sharing personal and intimate time with her significant other, and while at work. This caused

Plaintiff on multiple occasions to stop to check her phone and waste time reviewing the messages to confirm they were not for an emergency purpose, causing specific injury, trespass, intrusion, disruption, and interruption of Plaintiff's personal, daily, and work life.

41. Despite Plaintiff's efforts to make these telephone solicitations stop, Defendant continues to call Plaintiff, thus demonstrating willfulness, and the need for judicial intervention and injunctive relief to enjoin Defendant from continuing to violate the law

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this class action under Rule 23(a),(b)(2), and(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and of a similarly situated "Class" or "Class Members" defined as:

> **Do Not Call Registry Class:** All people in the United States who from four years prior to the filing of this action (1) were called by or on behalf of Defendants; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendants' products and services; and (5) for whom Defendants' claim (a) they did not obtain prior express written consent, or (b) they obtained prior express written consent in the same manner as Defendants claim they supposedly obtained prior express written consent to call the Plaintiff.
>
> **Internal DNC Class:** All persons within the United States who, within the four years prior to the filing of this Complaint through the date of class certification, who (1) received two or more phone calls within any 12- month period, (2) regarding Defendant's property, goods, and/or services, (3) to said person's residential telephone number, (4) after requesting that Defendant or Defendant's vendor's "stop" or making similar request.

43. Excluded from the Class are Defendant, and any subsidiary or affiliate of Defendant, and the directors, officers and employees of Defendant or their subsidiaries or affiliates, and members of the federal judiciary.

44. This action has been brought and may properly be maintained as a class action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-

defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

45. **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of standardized SPAM campaign calls placed to cellular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members.  Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

46. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's calls and personnel records.

47. Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

48. **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

    a. Whether Defendant initiated telemarketing phone calls to Plaintiff and Class members;

    b. Whether Defendant can meet its burden of showing that it had prior express written consent to place such phone calls;

    c. How Defendant obtained the numbers of Plaintiff and Class members;

    d. Whether Defendant violated 47 C.F.R § 64.1200(c) and (d) and its regulations;

    e. Whether Plaintiff and Class Members registered a phone number on the National Do Not Call Registry;

    f. How Defendant obtained the numbers of Plaintiff and Class members;

    g. Whether Defendant engaged in telemarketing when it placed the calls which are the subject of this lawsuit;

    h. Whether the calls sent to Plaintiff and Class Members violate the TCPA and its regulations;

    i. Whether Defendant willfully or knowingly violated the TCPA or the rules prescribed under it;

    j. Whether Defendant instituted procedures for maintaining a list of persons who request not to receive telemarketing calls that met the standards set forth in 47 C.F.R. § 64.1200(d)

    k. Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;

    l. Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct; and

    m. Whether Plaintiff and the Class are entitled to any other relief.

49. One or more questions or issues of law and/or fact regarding Defendant's liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

33. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

50. Plaintiff and members of the Class each received at least two phone calls within a twelve month period, promoting the Defendant's business, which Defendant placed or caused to be placed to Plaintiff and the members of the Class.

51. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel competent and experienced in litigation in the federal courts, TCPA litigation, and class action litigation.

52. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this

matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

53. **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole. Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted calls.

## COUNT I
## **VIOLATIONS OF 47 U.S.C. § 227(c) AND C.F.R. § 64.1200(c)**
(on behalf of Plaintiff and the Do Not Call Registry Class)

54. Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 53 of this Complaint as if set forth verbatim herein.

55. The TCPA provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c).

56. 47 C.F.R. § 64.1200(e), further provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

57. Wireless phone subscribers have always been able to add their personal wireless phone numbers to the national Do-Not-Call list.[2]

58. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

59. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the Do-Not-Call Registry Class members who registered their respective telephone numbers on the National Do-Not-Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

60. As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount in statutory damages for each willful violation recoverable by members of the Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

---

[2]. *See* Federal Communications Commission, Wireless Phones and the National Do-Not-Call List, https://www.fcc.gov/consumers/guides/wireless-phones-and-national-do-not-call-list#:~:text=Placing%20telemarketing%20calls%20to%20wireless,been%20%2D%20illegal%20in%20most%20cases. (Last visited June 18, 2023).

## COUNT II
## VIOLATIONS OF 47 U.S.C. § 227(c) AND C.F.R. § 64.1200(d)
(on behalf of Plaintiff and the Internal DNC Class)

62.     Plaintiff incorporates by reference all of the allegations contained in Paragraphs 1 through 53 of this Complaint as if set forth verbatim herein.

63.     47 C.F.R. § 64.1200(d), in relevant part, provides: "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

64. Pursuant to 47 C.F.R § 64.1200€, the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

65. Unlike section 64.1200(c), a cause of action under 64.1200(d) does not require a plaintiff to have first registered their number on the National Do-Not-Call registry or request to be placed on defendant's internal do-not-call list. The TCPA makes it unlawful for any person to … initiate "any call for telemarketing purposes to a residential telephone subscriber unless" the caller "has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls[.]" *Bumpus v. Realogy Brokerage Grp. LLC*, No. 3:19-cv-03309-JD, 2022 U.S. Dist. LEXIS 52650, at *20-21 (N.D. Cal. Mar. 23, 2022) (citing 47 U.S.C. § 227(c)(2); 47 C.F.R. § 64.1200(d).

66. Nonetheless, Plaintiff and others members of the Internal DNC Class members made requests to Defendant not to receive telemarketing calls from Defendant.

67. Defendant failed to honor Plaintiff and the Internal DNC Class members opt-out requests.

68. Defendant violated the requirements of section 64.1200(d) by failing to (1) maintain the required written policies; (2) provide training to its personnel engaged in telemarketing; and (3) maintain a standalone do-not-call list.

69. Pursuant to section 227(c)(5) of the TCPA, Plaintiffs and the Internal DNC Class members are entitled to an award of $500.00 in statutory damages, for each phone call placed by Defendant. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the IDNC Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the class, against GOLDMAN for:

a. An order certifying this case as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

b. Statutory damages of $500 per call in violation of the DNC provisions of the TCPA;

c. Willful damages at $1,500 per call in violation of the DNC provisions of the TCPA

d. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

e. An injunction prohibiting Defendant from calling telephone numbers assigned to the National Do-Not-Call registry without the prior express written consent of the called party;

f. An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list;

g. Reasonable attorney's fees and costs; and

h. Such further and other relief as this Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

**Dated: November 7, 2023**                                    Respectfully Submitted,

**EGGNATZ | PASCUCCI**

        7450 Griffin Road, Suite 230
        Davie, Florida 33314
        Tel: (954) 889-3359

        By: */s/ Joshua H. Eggnatz*
        Joshua H. Eggnatz, Esq.
        Florida Bar No.: 67926
        jeggnatz@justiceearned.com
        Steven N. Saul, Esq.
        Florida Bar No.: 1002827
        ssaul@justiceearned.com

        *Counsel for Plaintiff*